UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASMINE MCDANIEL, | ) |
| Plaintiff. | ) |
| v. | ) No. 4:14CV1665 HEA |
| CITY OF WARRENTON, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jasmine McDaniel (registration no. 1252082), an inmate at Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $18.36. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of her prison account statement for the six-month period immediately preceding the submission of her complaint. A review of plaintiff's account indicates an average monthly deposit of $91.74, and an average monthly balance of $46.57. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.35, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of Warrenton, Michael Wright (Prosecutor), Rebecca Winka-Nordman (Public Defender), and Wesley Clay Dalton (Judge). Plaintiff requests that the Court vacate her sentence and order that

she be released from prison immediately. Plaintiff brings allegations for denial of her due process right to a fair trial, ineffective assistance of counsel, and judicial misconduct.

## Discussion

Challenges to the validity of a prisoner's confinement or to matters affecting its duration fall within the province of habeas corpus and, therefore, must be brought pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Before seeking federal habeas relief, plaintiff must exhaust all adequate and available state court remedies. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981). The state courts must have an opportunity to review the merits of plaintiff's contentions and must be given primary responsibility in their own criminal cases. *Fay v. Noia*, 372 U.S. 391 (1963); *Tyler v. Swenson*, 527 F.2d 877 (8th Cir. 1976).

Further, plaintiff fails to state claims against defendants Wright, Winka-Nordman, and Dalton because of their respective roles in her trial as prosecutor, public defender, and judge, respectively. *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity."); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) ("A judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'") (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)).

Lastly, plaintiff's request for appointment of counsel will be denied at this time, without prejudice, as it does not appear that plaintiff can state a claim under § 1983. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $18.35 within thirty (30) days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE